UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN NUCKOLS,

                Plaintiff,

v.

FEDERAL COMMUNICATIONS
COMMISSION (FCC),

        Defendant.
_____/

Case No. 07-12020

District Judge Nancy G. Edmunds
Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

Before the Court is Defendant's *Motion to Dismiss* pursuant to Fed. R. Civ. P. 26(b)(1) [Docket #9], filed on August 9, 2007, which has been referred for Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons set forth below, I recommend that Defendant's motion be GRANTED pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

        **I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Brian Nuckols filed suit on May 8, 2007, alleging that Defendant Federal Communications Commission (FCC) failed to conduct a thorough investigation of his

complaint against his cellular phone carrier, AirVoice Wireless (AirVoice).[1]

Plaintiff alleges that he submitted "a valid cellular phone complaint for investigation" to the FCC on January 3, 2007 after AirVoice "prematurely cancelled" his phone service. *Complaint* at ¶1. Plaintiff alleges further that on January 25, 2007, he received a preliminary response from the FCC, informing him that AirVoice would be served on January 31, 2007 and that the cell phone provider would be required to provide a response to his complaint within 30 days. *Id.* at ¶4. Plaintiff, contending that the FCC's January 25, 2007 communication failed to address all of his "specific concerns," resubmitted his complaint on January 28, 2007 and February 6, 2007. *Id.* at ¶¶4-5.

Plaintiff alleges that on March 27, 2007, the FCC provided AirVoice's answer to the complaint, but contends that the explanation was not responsive to his claim that the cell-service provider canceled his phone service and phone number in violation of the policy stated on its website. *Id.* at ¶9. Plaintiff also notes that the FCC's March 27, 2007 communication indicating that AirVoice was served with the complaint on January 31, 2007, stands at odds with its accompanying statement that AirVoice responded to the complaint on January 25, 2007. *Id.* He also faults the FCC for failing to respond to his February 16 and March 21, 2007 requests for the status of his complaint. He alleges that he communicated

---

[1]Plaintiff filed a total of 13 actions in this Court in 2007. Five have already been dismissed for lack of jurisdiction (*Nuckols v. USPS*, no. 07-11467; *Nuckols v US Dept. of HUD*, 07-11665; *Nuckols v. Meijer, Inc.*, 07-12424; *Nuckols v. U.S. District Court*, 07-14001; and *Nuckols v. Oakland County Cir. Ct.*, 07-14225). The other actions have motions to dismiss pending.

these concerns to the FCC on March 31, 2007, but did not receive a response before filing suit on May 8, 2007. Contending that the FCC performed a negligent investigation of his complaint in violation of 47 U.S.C. §151 and ¶208, he seeks $50,000 in monetary damages. *Id* at ¶11.

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. When a defendant challenges subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990).

## III. ANALYSIS

Defendant argues that dismissal is appropriate on multiple grounds. Citing *Toledo v. Jackson,* 485 F.3d 836, 838 (6th Cir. 2007), Defendant first contends that it is shielded from suit by sovereign immunity. *Motion to Dismiss* at 5. Defendant notes that although under the Administrative Procedure Act (APA) the waiver of sovereign immunity is available, the waiver is inapplicable to suits seeking monetary damages. *Id.* at 6-7; 5 U.S.C. §702. Next, Defendant submits that if Plaintiff's claim "could be construed as seeking review of an agency action by the FCC," exclusive jurisdiction is vested in the circuit court of appeals. *Id.* at 7-8; *Bywater Neighborhood Association v. Tricario*, 879 F.2d 165, 167 (5th Cir. 1989). Defendant also contends that Plaintiff's failure to exhaust his administrative remedies by submitting a formal complaint to the FCC forestalled the issuance of a final order permitting judicial review. *Docket #9* at 8; 47 U.S.C. §208; 47 C.F.R. § 1.718.

**A. Sovereign Immunity**

Plaintiff's action is subject to dismissal because Defendant has not waived its sovereign immunity against suits for monetary damages. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer,* 510 U.S. 471, 475, 114 S.Ct. 996, 1000, 127 L.Ed.2d 308 (1994). "[T]he 'terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Id.* (internal citations omitted); *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 770, 85 L.Ed. 1058 (1941). "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983). [2] Further, while 5 U.S.C. §702 allows for judicial review for persons "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action," a claimant's relief is limited to "other than money damages." Because the present action seeks only monetary damages, it must be dismissed on jurisdictional grounds.

**B. Exclusive Jurisdiction in the Court of Appeals**

---

[2] Plaintiff responds that Defendant has waived sovereign immunity pursuant to the Tucker Act. *Docket #11* at 3-4. However, "the Tucker Act . . . does not create any substantive right enforceable against the United States for money damages." *Synernet Corp. v. U.S.,* 41 Fed.Cl. 375, 382 (Fed.Cl.,1998). Further the Act "provides for jurisdiction in the United States Court of Federal Claims when such a substantive right exists." Plaintiff's claim for monetary damages, even if viable, would be properly brought in the Court of Federal Claims.

Further, Plaintiff's claim, alternatively construed as an appeal of the FCC resolution of his original dispute with AirVoice, should be dismissed because judicial review of agency action by the FCC is vested exclusively with the appellate courts.

Pursuant to 47 U.S.C. §208(a), cited by both Plaintiff and Defendant, "it shall be the duty of the Commission to investigate the matters complained of in such manner and by such means as it shall deem proper." Next, §208(b)(3) instructs that "[a]ny order concluding an investigation . . . shall be a final order and may be appealed under section 402(a) of this title." Finally, 28 U.S.C. § 2342 states the following in regard to 47 U.S.C. 402(a):

> "The court of appeals (other than the United States Court of Appeals for the Federal Circuit) has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of (1) all final orders of the Federal Communications Commission made reviewable by section 402(a) of title 47;
>
> *See Telecommunications Research and Action Center v. F.C.C.,* 750 F.2d 70, 77, 242

U.S.App.D.C. 222, 229 (D.C. Cir. 1984)(the appellate courts entertain exclusive jurisdiction over final FCC actions).[3] *See also Greater Detroit Resource Recovery Authority v. U.S. E.P.A.,* 916 F.2d 317, 321 (6th Cir. 1990). For this reason, and those set forth in Section **A.**,

---

[3]The absence of a *final* order by the FCC does not preclude appellate court jurisdiction in certain cases. The court in *Telecommunications Research and Action Center, supra,* finding "unreasonable Commission delay," retained jurisdiction pending a final agency decision, stating that "a federal court should apply the finality requirement should in a 'flexible' and 'pragmatic' way." 750 F.2d at 75, 242 U.S.App.D.C. at 227 FN27; *Abbot Laboratories v. Gardner,* 387 U.S. 136, 149-50, 87 S.Ct. 1507, 1515-16, 18 L.Ed.2d 681 (1967).

Plaintiff's should be dismissed.[4]

## IV. CONCLUSION

For the reasons set forth above, I recommend that Defendant's motion to dismiss [Docket #9] be GRANTED and the Complaint DISMISSED WITH PREJUDICE pursuant to Fed R. Civ. P. 12(b)(1).

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th

---

[4]However, *before* filing his FCC complaint against Airvoice, Plaintiff had the option of filing suit in federal district court against the cell phone carrier. 47 U.S.C. §207 states as follows:

> "Any person claiming to be damaged by any common carrier subject to the provisions of this chapter may either make complaint to the Commission as hereinafter provided for, *or* may bring suit for the recovery of the damages for which such common carrier may be liable under the provisions of this chapter, in any district court of the United States of competent jurisdiction; but such person shall not have the right to pursue both such remedies." (Emphasis added).

Plaintiff's FCC complaint would now preclude this Court's consideration of his potential claim against AirVoice. "Section 207 gives an individual harmed by violations of the Act the choice of pursuing a complaint in the district court or before the Commission, but precludes an aggrieved from pursuing both remedies." *Aronson v. Sprint Spectrum*, L.P. 90 F.Supp.2d 662, 666 (W.D.Pa.,2000); 47 U.S.C. § 207; *See also Bauchelle v. AT & T Corp.,* 989 F.Supp. 636, 644-645 (D.N.J.1997).

Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: December 7, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on December 7, 2007.

S/G. Wilson
Judicial Assistant